IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01120-BNB

DEMETRIO A. VALERGA,

    Plaintiff,

v.

JOSEPH P. VANDELLO,
JORGE TENAROUDIGZ, and
SHANA MARTIN,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Demetrio A. Valerga, is in the custody of the Colorado Department of Corrections and currently is housed at the Trinidad Correctional Facility in Trinidad, Colorado. Mr. Valerga, acting *pro se*, has filed a Prisoner Complaint pursuant to 42 U.S.C.§ 1983.[1] The Court must construe the Complaint liberally because Mr. Valerga is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Valerga will be ordered to file an Amended Complaint.

    The Court has reviewed the Prisoner Complaint filed by Mr. Valerga and finds that it is deficient. First, personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish

---

[1] Although Mr. Valerga has indicated on Page Three of the Prisoner Complaint form that he asserts jurisdiction pursuant 28 U.S.C. § 1331 and 42 U.S.C. § 1983, the named defendants are federal employees. The Complaint more properly is raised pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

personal participation, Mr. Valerga must show that each named defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable on a theory of respondeat superior.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Valerga fails to assert how Defendants Jorge Tenaroudigz and Shana Martin personally participated in the alleged violations of his due process rights.  Mr. Valerga asserts that he requested his immigration files from the immigration court under the Freedom of Information Act (FOIA), but he was told by the immigration court that he must request the files from the Executive Office for Immigration Review.  Mr. Valerga further asserts that he requested the files from Mrs. Homa Naderi at the Executive Office and she provided "his whole file," but she failed to include the specific file that Defendant Tenaroudigz had on the day he was taken into custody.

It is not clear if Mr. Valerga is asserting his claims pursuant to *Bivens* or the FOIA.  Therefore, he will be directed to file an Amended Complaint.

If his intentions are to file a complaint pursuant to *Bivens*, the Amended "[C]omplaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  Nothing Mr. Valerga asserts indicates what Defendants Tenaroudigz and Martin did to violate his constitutional rights.

Mr. Valerga is further instructed that Defendant Judge Vandello is immune from suit in a *Bivens* action. *See Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000). "Judges are absolutely immune from civil liability for judicial acts, unless committed in the clear absence of all jurisdiction." *Henriksen v. Bentley*, 644 F.2d 852, 855 (10th Cir. 1981). Even in instances in which the judge's action "was in error, was done maliciously, or was in excess of his authority" a judge does not act in clear absence of all jurisdiction. *Whitesel*, 222 F.3d at 867 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)).

If, however, Mr. Valerga intends to file a claim under the FOIA he must file the action against the agency that failed to provide the information. *See Petrus v. Bowen*, 833 F.2d 581, 582 (5th Cir. 1987) (the FOIA does not create a cause of action for a suit against an individual employee of a federal agency). Accordingly, it is

ORDERED that within thirty days from the date of this Order Mr. Valerga file an Amended Prisoner Complaint that complies with this Order. It is

FURTHER ORDERED that Mr. Valerga shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Mr. Valerga fails to file an Amended Prisoner Complaint that complies with this Order, within the time allowed, the action will be dismissed without further notice.

DATED May 16, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge