IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01120-BNB

DEMETRIO A. VALERGA,

    Plaintiff,

v.

JORGE TENAROUDIGEZ, and
SHANA MARTIN,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Demetrio A. Valerga, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the DOC correctional facility in Trinidad, Colorado.  Mr. Valerga, acting *pro se*, initiated this action by filing a Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.  In the Complaint, Mr. Valerga challenged the actions of two federal deportation removal officers and an immigration judge with respect to a deportation detainer and the denial of certain immigration records.  Magistrate Judge Boyd N. Boland reviewed the Complaint and entered an order instructing Mr. Valerga to amend.  Mr. Valerga specifically was directed to clarify whether intended to file his claims pursuant to the Freedom of Information Act or under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (permits suits against federal employees for constitutional violations).

    Mr. Valerga filed an Amended Complaint on June 8, 2012.  Mr. Valerga again stated that he is filing this action pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

The named defendants are deportation removal officers and are employed by the federal government. The Court, therefore, finds jurisdiction proper in this case pursuant to *Bivens* and not pursuant to 42 U.S.C. § 1983.

The Court must construe the Amended Complaint liberally because Mr. Valerga is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Valerga alleges that he has not been able to obtain the investigatory file that Defendant Jorge Tenaroudigez had with him when he met with Defendant Tenaroudigez on May 19, 2011. Mr. Valerga further asserts that he requested a copy of his Immigration Customs Enforcement (ICE) records from the Executive Office for Immigration Review and received his complete case file, but Defendant Tenaroudigez's file was not included. Mr. Valerga also contends that he again contacted the Executive Office seeking Tenaroudigez's file but was told he had received the complete case file and any further inquiries should be made with the Department of Homeland Security. Mr. Valerga claims he then sent numerous motions to the immigration judge requesting discovery into Defendants' investigation and "unreasonable search and seizure into [his] records," but the requests were ignored.

Mr. Valerga also asserts that his Fourth, Fifth, and Fourteenth Amendment rights have been and are being violated because his ICE records were unreasonably searched by Defendant Tenaroudigez and he now is subject to an ICE detainer, which makes him ineligibility for prison programs and for placement in a halfway house. Mr. Valerga seeks access to Defendant Tenaroudigez's file and money damages for the

loss of his property when he was removed from the halfway house and regressed to the DOC.

The Court finds no violation of Mr. Valerga's constitutional rights regarding the alleged search of the ICE records or denial of access to Defendant Tenaroudigez's file. The Court knows of no legal authority for barring a deportation removal officer from reviewing an individual's ICE records for the purpose of determining if an immigration detainer should be entered against the individual. Furthermore, the Court knows of no constitutional right, *per se*, to obtain a deportation removal officer's investigatory file.

With respect to the detainer lodged against Mr. Valerga, the Constitution guarantees due process only when a person is to be deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Mr. Valerga does not allege that he was deprived of life or property as a result of the detainer. Therefore, he is entitled to due process only if the detainer implicates a constitutionally protected liberty interest. The existence of a liberty interest depends upon the nature of the interest asserted. *See Sandin v. Conner*, 515 U.S. 472, 480 (1995). A prisoner is not entitled to any procedural protections in the absence of a grievous loss. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

A detainer is "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking that the prisoner be held for the agency, or that the agency be advised when the prisoner's release is imminent." *Fex v. Michigan*, 507 U.S. 43, 44 (1993). Filing a detainer is an informal process that generally can be done by any person who has authority to take a prisoner into custody. A detainer can remain lodged against a prisoner without any action being taken on it. *See Ridgeway v. United States*, 558 F.2d 357 (6th Cir. 1977), *cert. denied*, 436 U.S. 946 (1978). There is no

custody requirements associated with an ICE detainer.  *See Garcia-Garcia v. Comfort*, 66 F. App'x 155, 157 (10th Cir. 2003) (citing *Galaviz-Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir. 1994)).

In June 2011, Mr. Valerga was regressed to the DOC, but he is not in custody for the purpose of the detainer.  The lodging of the detainer, therefore, has not caused the deprivation of Mr. Valerga's life, liberty, or property.  Mr. Valerga, therefore, fails to assert a grievous loss, and without such a loss he is not entitled to any procedural protections.

It also is clear that Mr. Valerga has not been deprived of life or property by his classification and his inability to participate in DOC programs.  A due process claim, therefore, depends upon the existence of a liberty interest in his classification or in participation in DOC programs.

The United States Constitution itself does not create a protected liberty interest in a prisoner's classification, *see Meachum v. Fano*, 427 U.S. 215, 225 (1976), or the ability to participate in rehabilitation programs, *see Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994); *Battle v. Anderson*, 564 F.2d 388, 403 (10th Cir. 1977).  Therefore, the fact that the DOC has determined Mr. Valerga is not eligible for certain rehabilitation programs or a specific classification due to an ICE detainer does not impose on him any "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.  Mr. Valerga, therefore, has not suffered a grievous loss that would entitle him to any procedural protections with respect to his classification.

Finally, regarding the disposal of his property when he was removed from the halfway house, an unauthorized intentional deprivation of property by state officials does not violate the Due Process Clause if a meaningful postdeprivation remedy for the

loss is available.  *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam).  Mr. Valerga fails to allege that a meaningful postdeprivation remedy was unavailable.

Based on the above findings, the Court will dismiss this action as legally frivolous.  The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Valerga files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Complaint and action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice.

DATED at Denver, Colorado, this  5th  day of    July   , 2012.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court